MARIA M. MILLER, Appellant, *v.* MARILLA MCKENZIE et al., Administrators, etc., Respondents.

A statement in a promissory note that it was given for money loaned is not conclusive; it is open to either party to show the actual consideration.

A promissory note given in consideration of future services to be rendered by the payee, upon the rendition of the services in reliance thereon, bcomes valid and binding, although there was no agreement at the time of the giving of the note upon the part of the payee to render them, and although the amount of the note be much greater than their value.

*Hulse* v. *Hulse* (17 C. B. 711), questioned.

(Argued April 15, 1884 ; decided April 22, 1884.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made March 15, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was upon a promissory note for $5,000 given by Thomas McKenzie, defendant's intestate to plaintiff. The defense was want of consideration. It was stated in the body of the note that it was given "for money loaned." The evidence tended to show that the note was given for boarding, nursing and caring for said intestate when he was sick, and in consideration of future services of the same kind to be rendered by plaintiff when required, also that plaintiff thereafter received and cared for him when he required and that he died at her house. The further material facts are stated in the opinion.

*Edward P. Wilder* for appellant. A witness must be shown to have some special conversance with the subject-matter to warrant the admissibility of his evidence as to value. (*Lamorne* v. *Caryl,* 4 Denio, 370.) If competent such evidence was irrelevant and immaterial, because the action was based on a promissory note. (*Worth* v. *Case,* 42 N. Y. 362; *Earl* v. *Peck,* 64 id. 596.) Also because inadequacy of consideration is no defense to the note. (*Worth* v. *Case,* 42 N. Y. 361; Edwards on Bills [2d ed.], 318; *Parrish* v. *Stone,* 14 Pick. 198–207; *Thompson* v. *Mansfield,* 43 Me. 490; *Morrison* v. *Jewell,* 34 id. 146; *Redde* v. *Gage,* 37 N. H. 519; *Walters* v. *Armstrong,* 5 Minn. 454; *Johnson* v. *Titus,* 2 Hill, 606; *Oakley* v. *Boorman,* 21 Wend. 588; *Sawyer* v. *McLouth,* 46 Barb. 350; *Freeman* v. *Freeman,* 51 id. 306; *Robinson* v. *Raynor,* 28 N. Y. 494; *Lobdell* v. *Lobdell,* 36 id. 327; *Scott* v. *Finck,* 54 id. 635; *Cowel* v. *Cornell,* 75 id. 91; *Earl* v. *Peck,* 64 id. 596; *Barker* v. *Bradly,* 42 id. 320; *Frink* v. *Green,* 5 Barb. 458; *McRea* v. *Purmot,* 16 Wend. 460; *Shepard* v. *Little,* 14 Johns. 210; *Averill* v. *Loucks,* 6 Barb. 24; *Rose* v. *Rose,* 7 id. 177; *Fellows* v. *Hart,* 30 id. 494–5.) The court should refuse to instruct the jury as to the effect of a fact alleged by one party but not substantiated by any evidence. (*Rouse* v. *Lewis,* 4 Abb. Ct. App. 121; *Earl* v. *Peck,* 64 N. Y. 599.) The court erred in charging that if there was no express promise or contract on the part of the plaintiff to render future services, which Mackenzie could

have enforced, then the plaintiff cannot recover on the note, but only for the value of the services actually rendered. (*Arnold* v. *Poole*, 4 M. & G. 860; *Barnes* v. *Perrine*, 9 Barb. 202; *Cottage St. Ch.* v. *Kendall*, 121 Mass. 528; *Mathewson* v. *Fitch*, 22 Cal. 93; *Morse* v. *Bellows*, 7 N. H. 549; *Hammond* v. *Shepard*, 40 How. 452; *Train* v. *Gold*, 5 Pick. 380; *Morton* v. *Burn*, 7 A. & E. 25; *L'Amoreux* v. *Gould*, 7 N. Y. 350; *Willetts* v. *Sun Mut. Ins. Co.*, 45 id. 47; *Sun Jr.* v. *Crook*, 46 id. 564; *White* v. *Baxter*, 71 id. 254; *Marie* v. *Garrison*, 83 id. 26; Pollock's Principles of Contract, 160.) Although the pleadings do not conform to the evidence the case may be disposed of on appeal as though the pleadings had been amended on the trial. (*Tisdale* v. *Morgan*, 7 Hun, 583; *Sherman* v. *Parish*, 53 N. Y. 483; *Tyng* v. *Com. Warehouse Co.*, 58 id. 313; *Catlin* v. *Gunther*, 11 id. 368; *Miller* v. *Schuyler*, 20 id. 524; *McKnight* v. *Devlin*, 52 id. 399; *Taintor* v. *Hemmingway*, 18 Hun, 458; *Wheeler* v. *Billings*, 38 N. Y. 263; *Arnot* v. *Erie R. Co.*, 67 id. 321.)

*I. T. Williams* for respondents. As the complaint is sworn to and sets forth a copy of the instrument, it is equivalent to setting forth the instrument according to its legal effect. (Code, § 534; *Stark* v. *Heath*, 4 E. D. S. 108, 109; Edwards on Bills and Notes, 677; *Field* v. *Mayor, etc.*, 6 N. Y. 189; *Neudecker* v. *Kohlberg*, 81 id. 301; *Wright* v. *Delafield*, 25 id. 226; *Tooker* v. *Arnoux*, 76 id. 397; 2 id. 501, 506, 1 Keyes, 588; *Yale* v. *Coddington*, 21 Wend. 175.) Plaintiff could not, except under proper allegations, set forth in the complaint for that purpose, contradict the note. (*Clarkson* v. *Hanway*, 2 P. Wms. 203; *Peacock* v. *Nork*, 1 Ves. 127; *Schermerhorn* v. *Vanderheyden*, 1 Johns. 139; *Maigler* v. *Haver*, 7 id. 341; *Lee* v. *Swift*, 1 Den. 565; *Walworth* v. *Barton*, 11 Barb. 385; *Rose* v. *Rose*, 7 id. 174.) If a part of the consideration of a promissory note is wanting, the case is open to inquiry as to what part is so wanting, and in that event the measure of damages is the value of that part which is not wanting. (Parsons on Notes and Bills, 97; *Hulse* v. *Hulse*, 17 C. B. 711; *Parish*

v. *Stone*, 14 Pick. 198; *Worth* v. *Case*, 42 N. Y. 369; *Earl* v. *Peck*, 64 id. 599; Stone on Prom. Notes, § 187.) To support a note or other contract, it is not necessary that the consideration therefor shall equal in pecuniary value the amount of the obligation incurred. It is enough that no part of the consideration on which it was founded was wanting when the obligation was incurred. (*Worth* v. *Case*, 42 N. Y. 369.)

EARL, J. There is no difficulty about the pleadings in this case. Under them the parties may litigate every question which has so far appeared in the case.

Notwithstanding the statement in the note that it was given for cash loaned, it is open to either party to show the true consideration thereof. (1 Parsons on Notes and Bills, 194; *Abbott* v. *Hendricks*, 1 M. & G. 791; *Wheeler* v. *Billings*, 38 N. Y. 263; *Arnot* v. *Erie Railway Co.*, 67 id. 321.)

There is a difference of opinion among the judges of this court as to some of the features of this case. Some are of opinion that upon the undisputed evidence the trial judge should have directed a verdict in favor of the plaintiff for the full amount of the note; others are of opinion that upon all the evidence, the case was a proper one for the jury to determine whether there was, in whole or in part, an absence of consideration for the note. But we are all agreed that the learned trial judge laid down an incorrect rule of law in that portion of his charge which is as follows: "If as a part and parcel of the consideration of this note at the time it was given, Mr. Mackenzie understood that Mrs. Miller was to render some future services, and she so gave him to understand, but you are not satisfied there was an express contract, promise on her part to render those services which Mr. Mackenzie could have enforced against Mrs. Miller, and upon which Mrs. Miller would have been liable to Mr. Mackenzie in damages in case she had violated it, then she cannot recover the $5,000 on this note, but can only recover the value of the services that had been rendered, and which have been proved to your satisfaction."

Here the future services were rendered, and there is no authority which we are bound to respect which holds that, in such a case, the future services, in order to furnish a consideration, must have been rendered under a contract binding the promisee to render them. If the plaintiff was not, at the time she made the promise, bound to render the future services, her subsequent rendition of them furnished the consideration to uphold the note, and makes the consideration of the note in that respect just as good and valid as if she had made a binding promise to render them. So the rule was laid down in *Train* v. *Gold* (5 Pick. 380). In that case, WILDER, J., delivering the opinion of the court, said : "It is not necessary that the consideration should exist at the time of making the promise, for if the person to whom a promise is made should incur any loss, expense or liability, in consequence of the promise and relying upon it, the promise thereupon becomes obligatory. Thus if A. promises B. to pay him a sum of money if he will do a particular act, and B. does the act, the promise thereupon becomes binding, although B. at the time of the promise does not engage to do the act. In the intermediate time the obligation of the contract or promise is suspended ; for until the performance of the condition of the promise, there is no consideration and the promise is *nudum pactum ;* but on the performance of the condition by the promisee, it is clothed with a valid consideration, which relates back to the promise, and it then becomes obligatory." *In Cottage Street Church* v. *Kendall* (121 Mass. 529), GRAY, C. J., said : "Where one promises to pay another a certain sum of money for doing a particular thing, which is to be done before the money is paid, and the promisee does the thing upon the faith of the promise, the promise, which was before a mere revocable offer, thereby becomes a complete contract upon a consideration moving from the promisee to the promisor." The language used in the case of *Train* v. *Gold* was cited and approved by PAIGE, J., in *Barnes* v. *Perine* (9 Barb. 202). In *L'Amoreux* v. *Gould* (7 N. Y. 349) it was held that where by the terms of an agreement between A. and B. in consideration that A. will pay certain notes upon

which he is indorser, B. agrees to pay him a certain sum, although there be no obligation upon A. to pay the notes, and therefore no mutuality in the contract, yet if he does pay them, he furnishes a consideration for the agreement, and may enforce it against B.; and in that case it was also held that the rule laid down in Chitty on Contracts, that if one party to an agreement was never bound on his part to do the act which forms the consideration for the promise of the other, the agreement is void for want of mutuality, is too broadly stated; that the rule is confined to cases where the want of mutuality would leave a party without a valid consideration for the promise at the time it is to be performed, and not at the time it was made. In *Willetts* v. *Sun Mutual Ins. Co.* (45 N. Y. 45); it was held that a promise void when made for want of mutuality of obligation becomes valid and binding upon the performance by the promisee of that in consideration of which such promise was made. To the same effect is the case *Sands* v. *Crooke* (46 N. Y. 564) where Judge RAPALLO writing the opinion said: "Assuming that no obligation on the part of the plaintiff was created at the time defendant's promise was made, and that his promise or guaranty was merely on condition that the plaintiff should perform the specified acts, yet the acceptance of the guaranty, and full performance under it of the conditions, would render it obligatory upon the defendant." In *White* v. *Baxter* (71 N. Y. 254) it was held that where one, acting on the faith of a promise, performs the condition upon which the promise was made, the promise attaches to the consideration so performed, and renders the promisor liable. Judge RAPALLO, again writing the opinion of the court, said: "After the promisor has had the benefit of the consideration for which he bargained, it is no defense to say that the promisee was not bound by the contract to do the act." In *Marie* v. *Garrison* (83 N. Y. 26), Judge ANDREWS, commenting on the same rule, said: "When a defendant has actually received the consideration of an agreement by a voluntary performance of an act by the other party, upon his proposition or suggestion, such performance constitutes a consideration

which will uphold the defendant's promise," and that it was not essential to the existence of a consideration for the defendant's agreement that mutuality of obligation should have existed between the parties when his agreement was made. In Addison on Contracts, page 14, it is said : " If the contract has been partly executed by the performance of the act forming the consideration for the promise, then it is no answer to an action to say that the plaintiff was not, by the terms of the original contract, bound to do the act, and that there was consequently no mutuality of obligation." (See, also, Pars. on Cont. [5th ed.] 448.)

We have made these citations at some length, because the learned judge at the trial in laying down the rule of law we are now considering relied upon the case of *Hulse* v. *Hulse* (17 C. B. 711), in which it was decided that to constitute the rendering of future services by the payee a good consideration for the making of a promissory note, there must be some binding contract for such services. In that case, JERVIS, C. J., writing the opinion, said : " In order to make the future services a good consideration for the giving of the note, we think it was incumbent on the plaintiff to show that there was some *contract* for future services which might have been enforced by the giver of the note if the recipient omitted to perform it." There is some confusion about the facts of that case. It does not clearly appear that the payee of the note rendered the future services in reliance upon the promise of the maker of the note, or as a consideration for the giving of the note. The remarks of the judge as quoted are abstractly correct, so far as they go. Gratuitous services rendered in the past or to be rendered in the future can furnish no consideration for the giving of a note ; and where the payee relies simply upon a contract for future services as furnishing the consideration for the note, he must show a valid, binding contract. But the payee of such a note may show that the note was given in consideration of future services to be rendered, and that such services were rendered, thus furnishing the consideration. If, however, that case can be said to state the law

as broadly as it was laid down by the trial judge in his charge to the jury, it is unsustained by principle and in conflict with the numerous authorities above cited, and is without authority here.

That portion of the charge of the judge now under consideration, in order to embody the correct rule, should, therefore, have been that if this note was given by the intestate for services which the plaintiff had rendered to him, and for services which she should render to him, and which she subsequently did render to him, in reliance upon his promise, then she was entitled to recover the full amount of the note, although that was much greater than the real value of the services; and for such a rule the cases of *Worth* v. *Case* (42 N. Y. 369) and *Earl* v. *Peck* (64 id. 596) are ample authority.

Therefore, without determining any of the other questions in the case, all of which may become unimportant upon the new trial, for the error in the charge specified, we are of opinion that the judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.