### RYDER v. SISTARE et al.

(*Common Pleas of New York City and County, General Term.* December 3, 1888.)

FACTORS AND BROKERS—ACTIONS AGAINST—PLEADING.

A complaint, in an action against a stock-broker for failure to execute orders for the purchase and sale of stock, containing no allegation that plaintiff provided the means of payment, or that defendant agreed to advance the same, or that plaintiff placed the stock to be sold within defendant's reach, or that he agreed to sell stocks that plaintiff did not possess or furnish for delivery, does not show a cause of action.

Appeal from special term; BOOKSTAVER, Judge.

The complaint in this action by Iris C. Ryder against W. H. M. Sistare and others alleged that defendants were copartners doing business as stock-brokers, and plaintiff entered into an agreement with them by which they promised, in consideration of a specified commission, "to buy and sell for the account of the plaintiff, upon her order and direction so to do, any of the stocks which are bought and sold in the New York Stock Exchange;" that between certain dates plaintiff "sent and delivered to defendants 13 separate orders or directions to buy and sell for her account specific numbers of shares of the stock of the Western Union Telegraph Company, the same being one of the stocks bought and sold by the New York Stock Exchange, at prices therein designated;" that the orders could have been executed by the exercise of reasonable diligence, but defendants failed to execute them, to her damage, etc. A demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action was sustained, and plaintiff appeals.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*A. W. Otis*, for appellant. *Davison & Fischer*, for respondents.

VAN HOESEN, J. The complaint does not allege that the defendants agreed to advance the money for the purchase of such stocks as the plaintiff might choose to order, nor does it allege that the defendants agreed to sell stocks

that the plaintiff did not possess, or to sell stocks that the plaintiff did not furnish for delivery. In the absence of such averments, it was necessary for the plaintiff to allege that she provided the defendants with the means of paying for the stocks that she wished them to buy, and that she placed within their reach the stocks that she instructed them to sell; for, unless they agreed to assume the risk, it was not the duty of the defendants to buy or to sell stocks on the plaintiff's account without being provided with the means of carrying out her orders. There is nothing in the complaint, therefore, to show that the defendants were under any obligation whatever to obey the instructions to buy and to sell that the plaintiff is said to have given. *Fowler* v. *Bank*, 67 N. Y. 143. Again, under the allegations of the complaint, nothing more than nominal damages could be recovered, even if it be assumed that the plaintiff has stated a cause of action. No special damages are alleged. There is nothing to show that the stocks that the plaintiff instructed the defendants to buy ever increased in value, or that any change in the market value of the stocks that she instructed them to sell caused her any loss. For aught that is alleged, the plaintiff may not have suffered the slightest pecuniary injury from the defendants' neglect to execute her orders. Though this defect is not a good ground for a demurrer, we deem it proper to call attention to it, that the proper allegations may be inserted if the plaintiff desires to amend. *Railroad Co.* v. *Curry*, 64 Tex. 85; *Rider* v. *Pond*, 19 N. Y. 262.

We think that the judgment should be affirmed, but we see no objection to granting leave to amend. There may be a question as to whether the case is to be governed by *Railroad Co.* v. *Dane*, 43 N. Y 241; or by the cases cited in *Miller* v. *McKenzie*, 95 N. Y. 580 *et seq.* I have assumed that the agreement sued on is not void for want of mutuality. See, also, *Railway Co.* v. *Witham*, L. R. 9 C. P. 16. Judgment affirmed, with costs.

LARREMORE, C. J., concurs.