ANNIE MARY VELIE, APPELLANT, *v.* SAMUEL TITUS, AS EXECUTOR OF JOHN H. TITUS, DECEASED, RESPONDENT.

*Bills and notes — consideration — what is a sufficient consideration where the payee of a note is a member of the family.*

A child, who was ten years of age, went to live in the same family with her grandfather, and during a period of several years rendered slight services to him. The grandfather executed and delivered, at a time prior to that at which some of such services were rendered, his promissory note to his grandchild in the sum of $1,000.

*Held,* that a sufficient consideration was shown for the note, and that it was a valid claim against the grandfather's estate.

APPEAL by the plaintiff, Annie Mary Velie, from an order entered in the office of the clerk of Dutchess county, on the 4th day of April, 1891, confirming the report of a referee in favor of the plaintiff in the sum of five dollars.

The reference was one of a disputed claim against the estate of a decedent, and was made under the statute relating to such claims. The claim was for $1,000. Two notes, each for $1,000, had been given by the testator to the plaintiff, the second having been executed because the first was regarded as invalid. The notes in question were as follows:

" $1,000.           " COFFINS SUMMIT, N. Y., *December 24, 1886.*

" For value received in services rendered and performed for, and kindness and attention shown me by my grand-daughter Anna Mary Velie, I promise to pay her or her order the sum of one thousand dollars without interest; payable at my decease.

(Signed)           " JOHN H. TITUS."

" $1,000.

" On demand, I promise to pay to Anna Mary Velie (my grand-daughter) one thousand dollars in consideration of five dollars in hand paid and for services rendered me and for other good and valuable consideration equivalent to the above-named sum, which sum when paid shall be in full of all demands for services or otherwise which she has against me.

" Dated, COFFINS SUMMIT, *February* 14, 1887.

(Signed.)          " JOHN H. TITUS."

The claim of the plaintiff was allowed by the referee to the extent of five dollars on the second note.

*Daniel W. Guernsey,* for the appellant.

*Milton A. Fowler,* for the respondent.

PRATT, J. :

It appears that the plaintiff rendered services to some extent to her grandfather, for which he executed and delivered to her his promissory note. That the sum was large for the amount of services shown must be conceded, but the amount was fixed by the maker himself, and he had a right to make his own estimate.

It may well be, as held by the referee, that on account of the relationship between the plaintiff and her grandfather no promise would be implied to remunerate her for services. But it cannot be said that a claim for such remuneration would be so clearly unfounded that its extinguishment would be no consideration for a promise. The services continued after the note was made, and the circumstances indicate that the continuance of the services may have been to some extent a moving cause.

The reiterated expressions of Mr. Titus that he wished the note paid, his employing counsel to insure its validity, have weight towards proving a consideration, and it must be remembered that a consideration is implied by law.

It was for the defendant to prove affirmatively that no consideration existed. We think not only that he failed to do so, but that a sufficient consideration is affirmatively made out.

It follows that the order appealed from should be reversed and the motion to vacate the referee's report should be granted, with costs to plaintiff of the General and Special Terms.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment reversed, with costs of Special and General Terms.