MARGARET A. ROOT, Respondent, *v.* JOHN R. STRANG, as Executor,
etc., of COLLINS WOODRUFF, Deceased, Appellant.

*Verdict against the weight of the evidence — when not determinable on appeal —*
*written promise to pay after the maker's death — consideration neither expressed*
*nor proved — inadequacy of consideration — husband's right to his wife's earnings*
*— when surrendered.*

Where much of the testimony of expert witnesses given upon the trial of an
action and many of the exhibits produced upon such trial do not form part of
the case upon appeal, the question as to whether the verdict of the jury was
against the weight of the evidence is not before the appellate court for review.

Any instrument by which the signer agrees to pay to another a certain sum at a
time specified after his death is a valid promissory note, and it is not necessary
to its validity that a consideration be expressed therein, or proved in an action
thereon; the instrument imports a consideration, and the burden of showing
the want thereof is upon the person questioning its validity.

Mere inadequacy of consideration, except as a circumstance bearing upon the
question of fraud or undue influence, is not a defense to a promissory note, nor
is the fact that the services were rendered by the payee without any express
promise of the maker to pay therefor a defense thereto, when the maker, after
the performance of the services, recognized the payee's labor as valuable and
agreed to pay therefor by delivering the note.

Where the husband of a woman saw another pay her for services she had ren-
dered, and as a witness subscribed the instrument by which the payment was
made, he acquiesced in the payment to his wife, and surrendered to her any
right thereto which he might have had.

APPEAL by the defendant, John R. Strang, as executor, etc., of
Collins Woodruff, deceased, from a judgment of the Supreme
Court in favor of the plaintiff, entered in the office of the clerk of
the county of Monroe on the 9th day of June, 1893, upon the ver-
dict of a jury for $10,466.66 after a trial at the Monroe Circuit,
and also from an order made at the Monroe Circuit on the 31st day
of May, 1893, denying the defendant's motion for a new trial, made
upon the minutes.

*J. B. Adams,* for the appellant.

*H. F. Remington* and *M. Fillmore Brown,* for the respondent.

HAIGHT, J.:

This action was brought upon a promissory note of which the
following is a copy:

"$10,000. LOONEYVILLE, *August* 1, 1889.

"In consideration of valuable services rendered to me, I promise to pay my niece, Margaret A. Root or order, *ten thousand dollars* at or after my decease.

"COLLINS WOODRUFF.

"The above note executed by me and delivered to my niece, Mrs. Margaret A. Root, of Looneyville, New York, I do hereby declare to be given to compensate her for her long and faithful services rendered to me, and for her devotion and many kind and repeated acts of kindness and affection bestowed upon me during my life, while residing with and making my home with her at her residence in Looneyville, and I deem the amount of said note but a just and adequate compensation for all her long-continued services, kindness and devotion to me in sickness and health during my life.

"Dated *August* 1, 1889. COLLINS WOODRUFF.
"Witness :
    "CHESTER A. ROOT.
    "MARGARET A. ROOT.
    "MARGARET S. ROOT.
    "HENRY MCDERMOTT."

The principal issue of fact litigated upon the trial was as to the genuineness of the signature of the defendant's testator, and we are asked to review the determination of the jury upon that issue.

It appears that the instrument was drawn by the late Alfred Ely of Rochester, at the request of the defendant's testator, and the persons signing as witnesses thereto, with the exception of the plaintiff, each testified that they saw him sign the same at Looneyville on the 1st day of August, 1889, and deliver it to the plaintiff. There is evidence on the part of the defense tending to show that Woodruff was not in Looneyville on the first day of August; that on that day he was in Rochester. It is quite possible that the plaintiff's witnesses are mistaken in reference to his being in Looneyville on that day. We are aware that mistakes in reference to dates are liable to occur. The instrument, as we have stated, was drawn in Rochester by Mr. Ely, and the date, August first, appears to be in his handwriting. It may be that it was drawn on the day of its date and was not taken to Looneyville by Woodruff until the next

day.   But this fact, if such it be, would not in our judgment seriously impair or affect the testimony of the plaintiff's witnesses in reference to the signing of the instrument by Woodruff or his delivery of the same to the plaintiff.   There consequently is evidence that sustains the finding of the jury upon this branch of the case.

As to whether the finding of the jury is against the weight of evidence, we do not think the question is before us for consideration.   Much of the testimony of the expert witnesses has been omitted from the case, and none of the exhibits with which they made comparisons were produced before us.   We consequently are not in a position to consider the evidence or to determine the weight or the effect it should have upon the verdict.

It is contended that the note is invalid, the defendant claiming that there is an inadequate consideration to support it.   The note itself recites the consideration " of valuable services rendered." The instrument which follows it declares it to be given to compensate the plaintiff " for her long and faithful services rendered to me, and for her devotion and many kind and repeated acts of kindness and affection bestowed upon me during my life, while residing with and making my home with her at her residence in Looneyville." In *Carnwright* v. *Gray* (127 N. Y. 92) it was held that an instrument by which the signer agrees to pay to another a sum certain at a time specified after his death, is a valid promissory note ; that it is not necessary to its validity that a consideration be expressed therein or proved in an action thereon ; that the instrument imports a consideration, and the burden of showing a want thereof is upon the defendant.   Has the defendant in this case shown a want of consideration ?   The testator at the time of making the note was aged and in feeble health.   He had no children, and his wife had died some years before.   The plaintiff was the niece of his wife.   It is apparent from his letters that he regarded her with much affection, and that he had on various occasions visited her at her home and there remained several weeks at a time.   The evidence further tends to show that on some of these occasions he was quite feeble, and that the plaintiff cared for him.   There is, therefore, evidence of some consideration, and this we understand is sufficient.   In *Worth* v. *Case* (42 N. Y. 362) the plaintiff had nursed and tended the defendant's

testator through a severe illness, and upon his recovery he delivered to her a sealed envelope superscribed with her name and the addition : " This is not to be unsealed while I live, and returned to me any time I wish it " — signed by him. After his death she opened the envelope and found therein his promissory note for $10,000, payable to her on demand. It was held that she was entitled to recover the amount against the estate of the testator. In *Earl* v. *Peck* (64 N. Y. 596) it was held that mere inadequacy of consideration, except as a circumstance bearing upon the question of fraud or undue influence, is not a defense to a promissory note. In that case the defendant's testator had taken by mistake a fatal dose of aconite, and, being aware of his approaching death, executed and delivered to the plaintiff, his housekeeper, a promissory note for $10,000. The consideration expressed was " for services rendered." It was held that the note was valid, although the amount was greater than the value of the services rendered. (See, also, *Cowee* v. *Cornell*, 75 N. Y. 91, 98.)

It is also claimed that these cases are not decisive of the question involved in this case, for the reason that the plaintiff's services were rendered without any express promise on the part of Woodruff to pay therefor. It does not appear to us that there is force in this contention, for after the services were performed Woodruff recognized the plaintiff's labor as valuable, and agreed to pay therefor by delivering the instrument in question.

It is further contended that the plaintiff had no right to receive compensation for her services ; that her services belonged to her husband, and that he alone was entitled to the compensation, and in support of such contention the defendant calls our attention to *Blaechinska* v. *H. Mission & Home* (130 N. Y. 497); *Porter* v. *Dunn* (131 id. 314); *Coleman* v. *Burr* (93 id. 17); but it does not appear to us that these cases are in point. The plaintiff's husband stood by and saw Woodruff pay the plaintiff for the services she had rendered. He subscribed the instrument by which the payment was made. He thus acquiesced in the payment to his wife, and thereby surrendered to her any right thereto which he might have had. This view renders it unnecessary to enter upon a consideration of the relation existing between husband and wife as to services ren-

·dered by her. These questions have been considered by this court in the cases of *Burley* v. *Barnhard* (9 N. Y. St. Repr. 587) and *Stamp* v. *Franklin* (35 id. 828).

We have examined the exceptions taken to the admission and rejection of evidence, but find none which we think requires a new trial.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred; BRADLEY, J., not sitting.

Judgment and order appealed from affirmed.