### YARWOOD v. TRUSTS & GUARANTEE CO., Limited.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1904.)

1. NOTE—CONSIDERATION.

In an action on a note it appeared that some days before its execution the maker sought shelter in a house in which plaintiff and her brother were living with another family. There was objection by the family to his admission, which was finally secured by the intercession of plaintiff and her brother. It was the maker's belief that, had he not been admitted, he would have perished from exposure. His arms, hands, and feet were frozen, and he was much affected physically by his suffering. Plaintiff attended to his wants, treating his frozen feet for several days, and otherwise administering to his comfort and recovery. The note was executed to plaintiff and her brother, each, in separate sums, for what they had done for the maker, and plaintiff was told by him to keep the note until the maker's death, when it would be good. Held, that the note was supported by a sufficient consideration.

2. SAME.

Liability on a note cannot be defeated on the ground that the services constituting the consideration therefor were rendered without any express request or promise to pay therefor, where it appears that the maker received and accepted the services, which were for his benefit.

3. SAME—INFANCY OF PAYEES—EFFECT.

Liability on a note cannot be defeated on the ground that the consideration therefor were the services of the infant payees, living with another family, who were presumably entitled to the benefit of their services, where it appears that those entitled to the services of the infants, under such contention, were present when the note was executed, and acquiesced then and afterwards in the payment directly to the infants for what they did.

Appeal from Trial Term, Oneida County.

Action by Jennie Yarwood against the Trusts & Guarantee Company, Limited, administrator of the estate of George W. Todd, deceased. From a judgment for plaintiff for $5,150, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

C. D. Kiehel, for appellant.
D. F. Searle, for respondent.

HISCOCK, J. This action was brought to recover upon a note or obligation claimed to have been made and executed by the deceased, payable in part to the order of the plaintiff, who was formerly Jennie Crawford, and of which the following is a copy:

                              "West Schuyler, December 24, 1878.
"I promise to pay to Jennie Crawford five thousand $ and George Crawford nve thousand $ I give Jennie 1.00 dollar for socks tonight.
                                        "Geo. W. X Todd."

Various defenses were urged upon the trial to this claim, but the same were disallowed by the jury, who found in favor of the plaintiff. We think that the judgment entered upon their verdict should be affirmed. We think that competent evidence was produced upon the trial by the testimony of various witnesses in relation to facts known by them and in relation to declarations made by Todd which authorized the jury to find, amongst others, the following facts: The maker of the purported obligation, George W. Todd, at and prior to the date of said obligation, while possessed of considerable property, was apparently in his modes of life a good deal of a tramp and vagabond, being without fixed home, and dirty and repulsive in his personal habits. The plaintiff and her brother, being at the time in question of the age of 14 or 15 years, were living with some people by the name of Johnson, in Herkimer county. Some days before the date of the instrument Todd sought shelter in the Johnson house, but there was objection to his admission, which was finally secured by the intercession of the plaintiff and her brother. If he had not been so admitted, it was his belief, at least, that he would have perished from exposure. As it was his arms, hands, and feet were badly frozen, and he was much affected physically by his sufferings. He spent at the Johnson house several days before and after Christmas, during which time plaintiff, at least, attended to his wants, treating his frozen feet, and otherwise administering to his comfort and recovery. Upon the evening of the day mentioned in the paper, at his suggestion, plaintiff or some other member of the family procured a memorandum book, which was in the house, and in the presence of plaintiff and other members of the family Todd executed the paper in question by affixing his mark thereto, his hands being frozen so that he could not write his name. The paper was executed to pay the parties named for what they had done for him as already stated, and plaintiff was told to keep the paper until his death when it would be good, etc. The paper was so retained during the years which followed until Todd's death, which occurred April 4, 1903, in Canada.

Upon these facts, which the jury were thus entitled to find, we think that plaintiff was and is entitled to have judgment against defendant upon the instrument in question as an obligation given for a good and valuable consideration, and payable at the death of the maker. We shall discuss some of the principles involved in such conclusion in con-

sidering specifically some of the arguments advanced by the learned counsel for the appellant in opposition to such a determination. It may be stated at the outset that no question is made before us in reference to the execution of the paper by Todd. That issue was raised upon the trial, and fully and explicitly submitted to the jury, which necessarily found in favor of the plaintiff; and it is not urged by the counsel for the appellant that there is anything in the record before us which would justify us in disturbing this result. The contentions which are most vigorously pressed upon our consideration by the appellant are, first, that this note or obligation was given as the result of mere gratitude upon the part of Todd, thus furnishing no valid or sufficient consideration for its enforcement; and, second, that, even if it was given in pay for services, the same were of such inconsequential and little value that payment ought not to be enforced. It may be stated at once that, as claimed by appellant, simple gratitude, as a mere sentiment resting upon no material basis in the way of valuable benefits received, would not be a sufficient consideration for the enforcement of the obligation in suit. Upon the other hand, it is equally true that the sufficiency of valuable services as a legal and valid consideration for the obligation in question would not be destroyed or impaired by the fact that the obligor felt and declared a sense of gratitude which amounted to an appreciation of the services which had been performed for him, and which was not at all intended to supplant or exclude a recognition of a legal obligation to pay for the latter. We think that a consideration of all of the evidence by the appellant drawn out upon this subject discloses that, while the obligor expressed himself as grateful for what had been done for him by plaintiff and her brother, and a desire to recognize their efforts, he still intended to give his obligation as a satisfaction of a legal consideration which had been received by him; that it was a payment, and not a mere gratuity, measured by and resting upon mere sentiment. This issue was fully tried out, and by the learned trial justice presiding was clearly and explicitly submitted to the jury. The latter were told more than once that plaintiff could not have a recovery unless the instrument upon which she claimed was based upon a legal consideration in the way of services rendered as distinguished from being a mere gift and expression of regard. We think the evidence fairly warranted the conclusion which was reached under these instructions.

Taking the fact—unquestioned upon this appeal—that the obligation was executed by Todd, and that it was given by way of payment for what plaintiff did, we feel constrained also to decide against the second proposition, above stated, in behalf of appellant, that there was no adequate consideration. The trial justice ruled that the burden rested upon plaintiff to show that there was a sufficient consideration for the note. It is urged that the paper upon its face so imported a consideration that, upon the other hand, the burden rested upon defendant to show that one was lacking. Carnwright v. Gray et al., 127 N. Y. 92, 27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424; Negotiable Instruments Law (Laws 1897, p. 721, c. 612) art. 1, § 6. If, however, we should dispose of the case upon the theory adopted by the trial justice, we feel that the consideration established by plaintiff's evidence was

not so inadequate or colorable as to permit us to declare the note invalid for that reason. There is no claim in the case that it was procured from the deceased by fraud or undue influence, and therefore there is no place for the claim of inadequate consideration as bearing upon such issue. Earl v. Peck, 64 N. Y. 596, 598.

The deceased, as judged by his declarations, felt, at the time when he signed the paper, that plaintiff and her brother, in addition to the specific services performed by them in caring for his ailments, had, by their influence, secured his admission to the Johnson house, and saved him from death, which would have followed his repulsion therefrom. He was a man without any close relatives, or even intimate friends. It would be difficult for the court to measure the pecuniary value of the benefits which he acknowledged that he had derived from the efforts of these young people. He had the right for himself to measure and fix their value and pay accordingly. It is well settled that courts will not overturn an obligation of this kind because they may think that the promisor has paid too liberal a price for what he received. It is not necessary that the consideration of a note shall be equal in pecuniary value to the face of the obligation given. If no part of the consideration was wanting at the time, and no part of it subsequently failed, although inadequate in amount, the note is a valid obligation. A note for $1,000, given for a horse confessedly worth but $100, cannot be successfully defended in whole or in part on the ground of a want or failure of consideration. Payment of a note given for $5,000 in consideration for services may not be resisted because it may seem to us that the price promised was larger than the value received. It is also to be borne in mind in this connection that the obligation was not payable until the death of the obligor, and that, allowing a discount in its face value at the legal rate of interest, its cash value at the time it was delivered was less than half of its face amount. The principles suggested by us in this connection are fully sustained in Earl v. Peck, 64 N. Y. 596; Root v. Strang, 77 Hun, 14, 28 N. Y. Supp. 273; Worth v. Case, 42 N. Y. 362; Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256, 12 L. R. A. 463, 21 Am. St. Rep. 693; Velie v. Titus, 60 Hun, 405, 15 N. Y. Supp. 467.

It is still further urged that the services in question were rendered without any express request therefor, or promise to pay for the same; and also that plaintiff and her brother were living in the Johnson family, and that the head of the family was presumably entitled to the benefit of their services; and that for these reasons there cannot be a recovery. According to the evidence the deceased received and accepted services which were for his benefit, and this created in that respect a sufficient obligation to pay therefor. Without stopping to consider how far it might be a defense to an obligor who had voluntarily given his promise to an infant for services received that the latter belonged to the parent, and not to the child, it is sufficient to state in this case that the people who it is claimed were entitled to plaintiff's services were present when Todd executed the obligation in question, and by their conduct then and since have acquiesced in the payment directly to the infants for what they did. We think that the judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.