In the matter of the settlement of the estate of Jane Simmons. Decree rendered.

John E. Hoag, in pro. per.
Frederick C. Claessens, special guardian, for Rilla Whyland and Verna Whyland.
P. J. McGowan, special guardian, for Edgar Whyland.
Chester G. Wagner, for Agnes Lynd.
J. A. Cipperly, for Dr. Winship.
P. R. Chapman, for Richard A. Hecker, Frank E. McDuffee, Rose Tompkins, Etta Sharp, Jennie M. Whyland, and Mary J. Darrow.
John P. Curley, for executor.

HEATON, S. Trial of three claims against the estate of deceased, based upon three promissory notes given to three nephews of deceased. The notes were all executed at one time, in the presence of the attorney

for the deceased and upon his advice; and, except as to the name of the payee, each was in the following form: .

"$1,000.00                          Brunswick, N. Y., May 5, 1902.

"At my death I promise to pay to the order of Christian A. Simmons one thousand dollars, value received.                          Jane A. Simmons."

No question is raised as to the signature of the deceased, and no claim is made that the making of the notes was not her free, uninfluenced act. The notes were left with the attorney for the deceased with instructions to deliver them to the respective payees, upon the death of the maker, which was done. .

One question concerning the reception of evidence requires consideration: Mr. Hoag, the conceded attorney for the deceased, was called as a witness by the claimants. His competency as a witness was challenged under section 835 of the Code of Civil Procedure. His evidence was received subject to a motion to strike out, and decision upon that motion, when made, was reserved. The claimant was careful to ask for only such conversation as took place in the presence of one John H. Miller. It seems to be well settled that a communication between attorney and client, made in the presence of a third person, is not privileged. People v. Buchanan, 145 N. Y. 1, 39 N. E. 846; Doheny v. Lacy, 168 N. Y. 213, 61 N. E. 255; Matter of McCarthy, 55 Hun, 7, 8 N. Y. Supp. 578. As it appears that all the conversation given in evidence was had in the presence of Mr. Miller, and that still another person, Mrs. Miller, was in and out of the room from time to time, the motion is denied. .

. The notes upon their face recited a consideration. The burden was upon the executor to show their invalidity for want of consideration. Carnwright v. Gray, 127 N. Y. 92, 27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424; Hickok v. Bunting, 92 App. Div. 167, 86 N. Y. Supp. 1059; Velie v. Titus, 60 Hun, 405, 15 N. Y. Supp. 467; Root v. Strang, 77 Hun, 14, 28 N. Y. Supp. 273. . Had he shown that the notes were given solely to equalize the distribution of the maker's estate, that would have been a good defense. Hadley v. Reed (Sup.) 12 N. Y. Supp. 163; Matter of Strevell v. Jones' Estate, 106 App. Div. 334, 94 N. Y. Supp. 627. Had he shown that they were given solely in consideration of love and affection, that would have been a good defense. Hadley v. Reed (Sup.) 12 N. Y. Supp. 163; Fink v. Cox, 18 Johns. 145, 9 Am. Dec. 191. Had he shown that the object in giving the notes was solely to make a gift after death, that would have been a good defense. Holmes v. Roper, 141 N. Y. 64, 36 N. E. 180; Matter of Strevell v. Jones' Estate, 106 App. Div. 334, 94 N. Y. Supp. 627. Had he shown that the consideration was wholly meritorious, that would have been a good defense. Matter of Wilbur v. Warren, 104 N. Y. 192, 10 N. E. 263. The evidence in the case is almost wholly in the part of the claimants, and is as follows: The claimants are nephews of deceased and reside in Monroe county, this state. She visited them several times during the last four or five years, taking with her another person each time. Each of the nephews carried her and her companion about, from place to place, wherever she wanted to go. They showed her attention and tried to make her visits pleasant. They did not make

any charge for such services or expect any pay therefor. In 1900 deceased made her will, and, having no lineal descendants, she left her estate to about twenty persons, among whom were these nephews, to whom she left $500 each. At the time of making the notes, in 1902, she said to Mr. Hoag, her attorney, that for several years past these nephews had taken great pains to carry her about the country, visiting different places; that she had not given them as much in her will as she should, and that she wanted to give them each $1,000 more to pay them for the favors and services they had performed for her; that $1,000 more to each, she thought, was the compensation she wanted to make to them. Mr. Hoag further states that it was understood by the deceased that the notes were given as payment for services rendered, and he says he thinks he told her that it was necessary to have some such consideration to make the notes legal. The question is, was this consideration, if it may be so called, sufficient?

Mere inadequacy in value of the thing bought or paid for is never intended by the legal expression "want or failure of consideration." This only covers total worthlessness to all parties, or subsequent destruction, partial or complete. Cowee v. Cornell, 75 N. Y. 91, 31 Am. Rep. 428; Godine v. Kidd, 64 Hun, 585, 19 N. Y. Supp. 335. This well-established rule has been applied in cases somewhat similar to the one at bar. Claimant, a nephew of deceased, had been helpful to her in collecting a note and had also let his aunt live at his house part of two winters. She mailed him a note for over $4,000, upon which he was allowed to recover. Matter of Bradbury, 105 App. Div. 250, 93 N. Y. Supp. 418. Note given by a tramp to two young people who befriended him and performed some slight services for him without charge or expectation of pay. Held, that the note was intended as a payment, and not a mere gratuity, and was valid. Yarwood v. Trusts & G. Co., 94 App. Div. 47, 87 N. Y. Supp. 947. Note recited that it was in consideration of valuable services rendered, and had attached a statement signed by the maker, reciting that the note was given as compensation for long and faithful service, etc. Held, that the plaintiff could recover. Root v. Strang, 77 Hun, 14, 28 N. Y. Supp. 273. Note on demand for $10,000 in consideration of services rendered to maker, delivered to payee in sealed envelope to be opened after his death. Proof of valuable services rendered, and of repeated promises to pay therefor made while they were being rendered. Held, that plaintiff could recover. Worth v. Case, 42 N. Y. 362. Note proved to have been given for board, nursing, and caring for the maker, at the house of the payee, and for future similar services to be rendered. All such services were of less value than the note. Held, that the note was valid. Miller v. McKenzie, 95 N. Y. 575, 47 Am. Rep. 85. Note to son, who, it was shown, had rendered services to his father in many ways; that his family had also rendered such services. Held, that inadequacy of consideration was not a good defense. Matter of Flagg's Estate, 27 Misc. Rep. 401, 59 N. Y. Supp. 167. A roving peddler had been befriended and gave a writing to his benefactor agreeing to pay $5,000 at his death for such services. Held, that a man could fix any

value he saw fit as compensation for services rendered. Matter of Todd, 47 Misc. Rep. 35, 95 N. Y. Supp. 211.

While in this case the services rendered seem to a stranger to be exceedingly slight and of little pecuniary value, yet we have no means of measuring their value to the deceased, except by her own standard. She attempted to pay for such services as were rendered, at her own price. The evidence of her purpose does not come from the claimants, but from her own lawyer and her executor, the latter of whom is one of her residuary legatees; and such evidence is trustworthy and undisputed. No sufficient defense has been established, and the notes are therefore allowed.

Decreed accordingly.