JOSEPHINE DREYER, Respondent, *v.* HENRY H. DREYER, Individually and as Executor, etc., of ANNA DREYER, Deceased, and Others, Appellants.

Second Department, November 12, 1926.

Wills — action based on alleged agreement with defendant's testatrix — husband of testatrix died siezed of undivided interest in real property — plaintiff, then infant, joined with other heirs at law in deed to testatrix — testatrix made will devising all estate in trust to sell and divide among her four children and plaintiff, her granddaughter, share and share alike — condition of devise to plaintiff was that she execute quitclaim deeds to real property mentioned to clear title — testatrix entered into agreement with owner of other half of property that she would not change her will — plaintiff executed deeds after attaining majority — testatrix changed her will so as to bequeath plaintiff $10,000 — plaintiff alleges that said amount is not equal to one-fifth of estate — complaint states good cause of action — when plaintiff executed deeds implied agreement arose upon testatrix not to change will.

The husband of testatrix was a tenant in common of certain real property. After his death, the plaintiff, then an infant, and the other heirs at law, deeded their interest to the defendants' testatrix. The testatrix made a will in which she devised all her property in trust to sell and divide among her four children and the plaintiff, her granddaughter, share and share alike. The devise to the granddaughter was subject to the condition that as soon as she reached the age of twenty-one years she would execute quitclaim deeds to the person to whom the real property mentioned was deeded by the testatrix, following an actual partition of the property. The testatrix also made an agreement with

her tenant in common, at the time of the actual partition of the property, which agreement recited the condition attached to the devise to the plaintiff and contained a stipulation that the testatrix would not change her will. As soon as the plaintiff reached the age of twenty-one years she executed quit-claim deeds in compliance with the provision in the will of the testatrix, and thereafter testatrix changed her will so as to bequeath to the plaintiff a legacy of $10,000 and no more.

The complaint of the plaintiff, which alleges the facts stated, and also that at the time the plaintiff executed the deeds the testatrix was worth more than $100,000, and that if she were worth less at the time of her death it was due to transfers made during her lifetime without consideration and in violation of the terms of the agreement, and that such transfers were made with the knowledge on the part of those receiving them that they constituted a violation of that agreement, and which demands an accounting of the property of the testatrix, of which she died possessed, and of such property conveyed without consideration to the other defendants, states a good cause of action.

While the agreement made by the testatrix with her tenant in common may not have been made technically for the benefit of the plaintiff, she had the right to adopt it, and when she did so by executing the quitclaim deeds in question, the agreement became binding in her favor and she was entitled to the benefit thereof, especially in view of the fact that she has fully performed all the conditions imposed upon her; and, therefore, the trial court properly denied defendants' motion for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

APPEAL by the defendants, Henry H. Dreyer and others, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Queens on the 11th day of August, 1926, denying defendants' motion for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Elmer E. Wigg*, for the appellants.

*William G. Phlippeau*, for the respondent.

YOUNG, J. The complaint alleges in substance that on June 26, 1895, one Garret Dreyer died intestate, leaving him surviving his widow, Anna Dreyer, Herman Dreyer and John Dreyer, and the defendants, Henry H. Dreyer, Margaretha Eggers and Anna M. Engelking, his children and only heirs at law and next of kin; that said Dreyer died possessed of an undivided interest in certain real property in the town of Newtown, Queens county, N. Y., under a deed from J. Eliza Bogart to Frederick Joseph and Garret Dreyer; that on July 2, 1902, the said John Dreyer, one of Garret's children and heirs at law, died intestate leaving him surviving his widow, Henrietta, and the plaintiff, his only heir at law and next of kin; that at the time of his death he had an undivided interest in the premises above described; that plaintiff was born on July 19, 1885, and at the time of-her father's death was an infant seventeen years of age; that upon her father's death plaintiff became seized

in fee simple of her father's undivided interest in the premises in question; that on August 25, 1904, the heirs at law of Garret Dreyer and the plaintiff executed and delivered to Anna Dreyer, Garret's widow, a conveyance to her of all their respective right, title and interest in the premises in question, and that at the time of such conveyance the plaintiff was an infant of the age of nineteen years and incapable of transferring real estate by deed; that upon the delivery of such deed the said Anna Dreyer and Frederick Joseph became tenants in common of the premises in question, being each possessed of one undivided half of the same, subject, however, to the validity of the deed theretofore executed by plaintiff as aforesaid; that on September 22, 1904, the property was actually partitioned by Anna Dreyer and Frederick Joseph into two equal parts by means of a conveyance executed and delivered by each to the other; that on September 29, 1904, Anna Dreyer made her will by which she bequeathed to her executors all of her estate in trust to sell and convert the same into money and to divide the net proceeds thereof among her four children then living and to the plaintiff, the only heir at law of her son, John Dreyer, deceased, share and share alike, and that plaintiff's share thereunder was one-fifth of said net proceeds; that on the same day Anna Dreyer executed and delivered to Frederick Joseph the following agreement, duly recorded in the clerk's office of Queens county on January 3, 1905.

" WHEREAS Anna Dreyer has this day made her last will and testament, whereby she has given to Josephine Dreyer the interest that her son John Dreyer would have been entitled to had he been living at her death and which clause is as follows:

" ' *Seventh:* It is also my express wish and I will and direct that any interest that my grand-daughter Josephine Dreyer may or can have under any of the clauses of this my Will, as the child of my deceased son John Dreyer or otherwise, shall be contingent and shall not be paid to her nor shall she be entitled to the same or to any interest of any kind whatsoever under this Will or to any part in my estate, unless or until she shall after she becomes twenty-one years of age, execute, acknowledge and deliver to my executors or their appointees a quit-claim deed releasing to them or their assigns all the right, title and interest and claim whatsoever which she may now at the date of this my Will have in and to all or any portion of certain premises described in a deed thereof, made to Frederick Joseph and Garret Dreyer by Elizabeth J. Bogart dated August 28, 1899, and recorded in the office of the clerk of the County of Queens, in Liber 790 of deeds at page 355.'

" The reason for this provision being made in her Will is to

secure the execution of the deed therein mentioned, so that the title of Frederick Joseph and Annie Dreyer shall be released from any claim that the said Josephine Dreyer may have and I do hereby agree with the said Frederick Joseph that I will not change my Will whereby the said Josephine Dreyer shall receive or be entitled to in my estate freed from said clause, until she shall have executed said deed and I will not reduce the interest of said child in her father's estate.

" *In Witness Whereof*, I have hereunto set my hand and seal the day and year first above written this 29 Sept. 1904.

" ANNIE DREYER    [L. s.] "

The complaint further alleges that on July 21, 1906, when plaintiff became twenty-one years of age, in conformity with this agreement, she executed and delivered two quitclaim deeds as required thereby, each bearing date on that day, one to Frederick Joseph, releasing her interest in the westerly half of the premises in question, and one to Regina Dreyer, releasing her interest in the easterly half of such premises, the said Regina Dreyer then holding the record title to said easterly half under a conveyance made by Anna Dreyer to her; that on September 29, 1904, the date of said agreement between Anna Dreyer and Frederick Joseph, Anna Dreyer was possessed of real estate of the value of upwards of $100,000; that on February 27, 1921, Anna Dreyer died leaving a will dated March 19, 1914, which was admitted to probate by the surrogate of Queens county on April 27, 1921, and letters testamentary thereon were duly issued by said surrogate to the defendant Henry H. Dreyer, who thereupon qualified and is still acting as such; that by this will Anna Dreyer bequeathed to plaintiff a legacy of $10,000 and no more; that she died possessed of property worth upwards of $100,000, but that, if she left an estate amounting to less than that sum, the difference was caused by transfers of property made by her during her lifetime by way of gifts to the defendants Henry H. Dreyer, Margaretha Eggers and Anna M. Engelking, without consideration and in violation of the terms of the agreement of September 29, 1904; that plaintiff had no information respecting the nature, value or extent of the property conveyed by Anna Dreyer to the defendants above named by way of gifts, etc., but alleges upon information and belief that certain property was transferred by her as such gifts and with the knowledge on the part of the defendants that such transfers were without consideration and in violation of the agreement.

The complaint further alleges in substance that by the will of March 19, 1914, admitted to probate as aforesaid, Anna Dreyer

violated the agreement above set forth; that under the provisions of the will of September 29, 1904, plaintiff's interest in Anna Dreyer's estate would have amounted to approximately $20,000; that plaintiff duly performed the conditions of said agreement and that, by reason of the breach thereof by said Anna Dreyer, she has been damaged in the sum of at least $10,000, the precise amount not being ascertainable until after an accounting of the property left by Anna Dreyer and that transferred during her lifetime by way of gifts to the defendants is made; that the defendant Henry H. Dreyer has rendered no accounting of his proceedings as executor of Anna Dreyer's will; that on December 6, 1924, plaintiff filed with the executor a verified proof of claim containing the facts alleged in this complaint and that he has refused and neglected to recognize the validity of plaintiff's claim or any part thereof.

Judgment is demanded for an account of the property of Anna Dreyer of which she died possessed and of such property conveyed without consideration to the defendants; that the amount due plaintiff under the agreement of September 29, 1904, be ascertained and determined and that plaintiff have judgment for the amount found due against the executor; that, if it be found that plaintiff's claim cannot be satisfied out of the net assets of the estate, it be adjudged that the property or proceeds thereof conveyed by Anna Dreyer to the defendants without consideration be impressed with a trust in plaintiff's favor to the extent of her claim or the part thereof unsatisfied out of the estate, and that so much of said property of defendants so impressed with a trust as may be necessary to realize sufficient to pay plaintiff's claim in full, be sold under the direction of the court and that defendants may be adjudged to pay any deficiency, etc., and for other and further relief.

The learned Special Term denied the defendants' motion to dismiss, and from the order entered thereupon this appeal is taken. The learned Special Term, in denying defendants' motion, filed a memorandum in which it held in substance that it was unnecessary to determine whether the principle of *Lawrence* v. *Fox* (20 N. Y. 268) had been so extended by *Seaver* v. *Ransom* (224 id. 233) as to be applicable to the case at bar; that the complaint alleged the making of a will by which plaintiff was to receive one-fifth of an estate, provided she quitclaimed or released her interest in certain property belonging to the testatrix; that she gave such release and thereafter the will was changed and a new will later probated by which plaintiff did not receive the same share, but a smaller sum or interest; that the quitclaim is alleged to have been done in conformity with the provisions of the will, and this established a good claim since there was an implied agreement

in the circumstances disclosed not to change the will to plaintiff's detriment; that the consideration was present as plaintiff had given up her property rights and she, therefore, had the right to enforce the agreement that she should receive the one-fifth share; that the situation was analogous to that of mutual wills or joint wills or ante-nuptial agreements; that, in addition, the plaintiff alleged the making of an agreement by the testatrix with a third party interested in the same property which recited the provisions of her will in plaintiff's favor and, among other things, stated that testatrix would not reduce plaintiff's interest; that the context indicated that this latter provision was to be effective if plaintiff released her interest in the property; that, while she was not a party to this agreement, she had a right to adopt it and, when performed on her part, to require the testatrix to do likewise, citing *DeCicco* v. *Schweizer* (221 N. Y. 431, 435, 436).

It is contended by the appellants that the conclusion reached by the learned Special Term was erroneous because this action was based on the written contract of September 29, 1904, and that plaintiff was not suing on any implied agreement contained in a will. The effect of this argument seems to me to be that because this suit is based upon that agreement, which is an agreement by the testatrix with Frederick Joseph for plaintiff's benefit, the cause of action must, therefore, be based upon the principle laid down in *Lawrence* v. *Fox* (*supra*) and analogous cases, and, if not within that principle, plaintiff cannot enforce it.

It does not seem to me that this complaint should be confined within such narrow limits. It is true that the theory of the plaintiff in framing her complaint seemed to be based upon this alleged written agreement of September twenty-ninth and its violation by the testatrix, and in effect the prayer for relief is to compel the performance and the enforcement of that agreement. But every fact necessary to entitle plaintiff to recover under the implied agreement contained in the will is alleged in the complaint, and I think these facts would permit a recovery upon such implied agreement, and that the learned Special Term was correct in so holding. The agreement of September twenty-ninth recites the 7th clause of the will of the testatrix by which it is provided that plaintiff shall not receive the provision made for her in the will nor any part of the estate of the testatrix unless she shall, after becoming twenty-one years of age, execute and deliver a quitclaim deed releasing her interest in the property in question. While there is no express language in the will itself, so far as is disclosed by the complaint, by which the testatrix promised, in the event of such release by plaintiff, that she would not change or reduce

plaintiff's benefit under the will, such a promise is necessarily implied or the language of the 7th clause becomes utterly meaningless. Having complied with the condition of the will and having executed and delivered the releases in question, the implied promise not to reduce plaintiff's benefit under the will became binding upon the testatrix and her estate and entitled plaintiff to enforce the promise.

I do not think it is necessary in this case to consider to any great extent the doctrine of *Lawrence* v. *Fox* (*supra*), nor to review the authorities concerning it, since it appears to me that the agreement of September twenty-ninth in the case at bar is unlike any of the cases upon this question. Ordinarily, this question arises from some conveyance or transfer of property by one to another upon the promise of the latter to make some provision from the property transferred for a third person. In the case at bar, however, the agreement is made by which the testatrix promised the other party to the agreement, Frederick Joseph, to make provision by her will for plaintiff, a third party and not a party to the contract. The promisee, Joseph, has, under this agreement, no duty to perform to plaintiff. The only duty or obligation contained in the agreement is on the part of the promisor, the testatrix, but, in my opinion, this does not prevent the enforcement of the agreement by plaintiff, even though it is not strictly within the doctrine of *Lawrence* v. *Fox* (*supra*). It would, I think, be a strange application of that doctrine which would permit the testatrix to agree with another to provide by her will for a third person upon condition that such third person should part with her interest in certain property and, after the performance by such third person of such condition, repudiate and refuse to perform the agreement on her part.

In *DeCicco* v. *Schweizer* (221 N. Y. 431) an agreement was made by defendant and his wife with a certain count who was affianced to and was to be married to their daughter. In consideration of that fact, the father promised the count to pay to his daughter a certain sum annually. In an action brought by the assignee of the daughter and the husband to recover an unpaid installment, it was held that there was a sufficient consideration for the promise; that, although the promise was to the husband, it was intended for the benefit of the daughter and, when it came to her knowledge, she had a right to adopt and enforce it and, in doing so, she made herself a party to the contract. In that case the court said: " The defendant's contract, if it be one, is not bilateral. It is unilateral (*Miller* v. *McKenzie*, 95 N. Y. 575). The consideration exacted is not a promise, but an act. The Count did not promise

anything. In effect the defendant said to him: If you and my daughter marry, I will pay her an annuity for life. Until marriage occurred, the defendant was not bound. It would not have been enough that the Count remained willing to marry. The plain import of the contract is that his bride also should be willing, and that marriage should follow. The promise was intended to affect the conduct, not of one only, but of both. This becomes the more evident when we recall that though the promise ran to the Count, it was intended for the benefit of the daughter (*Durnherr* v. *Rau*, 135 N. Y. 219). When it came to her knowledge, she had the right to adopt and enforce it (*Gifford* v. *Corrigan*, 117 N. Y. 257; *Buchanan* v. *Tilden*, 158 N. Y. 109; *Lawrence* v. *Fox*, 20 N. Y. 268). In doing so, she made herself a party to the contract (*Gifford* v. *Corrigan, supra*). If the contract had been bilateral, her position might have been different. Since, however, it was unilateral, the consideration being performance (*Miller* v. *McKenzie, supra*), action on the faith of it put her in the same position as if she had been in form the promisee."

In my opinion, therefore, the learned justice at Special Term made a correct disposition of this motion upon either theory contained in his memorandum.

The order should be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., JAYCOX, MANNING and KAPPER, JJ., concur.

Order denying defendants' motion to dismiss the complaint affirmed, with ten dollars costs and disbursements.