JOSEPHINE DREYER, Respondent, v. GEORGE H. HYDE and Others, as Executors, etc., of HENRY H. DREYER, Deceased, EMMA M. EGGERS, as Executrix, etc., of MARGARETHA EGGERS, Deceased, and ANNA M. ENGELKING, Appellants.— Interlocutory judgment, order confirming report of referee and final judgment unanimously affirmed, with costs. No opinion. Rich, Young, Carswell and Scudder, JJ., concur; Lazansky, P. J., concurs, and as to the question of plaintiff's right to recover under the agreement, he follows *Dreyer* v. *Dreyer* (218 App. Div. 341).

SAMUEL GORDON, Also Known as JOHN GORDON, Appellant, v. HENNIE HAMLIN GORDON, Respondent.— Judgment dismissing complaint reversed upon the law and the facts, without costs, and judgment annulling the marriage directed, without costs, upon the ground that plaintiff was induced to enter into the marriage by reason of the false representation of defendant that she was pregnant by him. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Rich, Young, Carswell and Scudder, JJ., concur. Settle order on notice.

EVELYN GUSIKOFF, Appellant, v. REPUBLIC STORAGE COMPANY, INC., Respondent.— Order granting motion to dismiss complaint and judgment entered thereon reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The complaint states a good cause of action for damages for breach of contract, in that the agreement not to deliver the merchandise except upon notification to the plaintiff, and upon the receipt of a customs permit, was not against public policy as an agreement not to perform its obligation to the holders of the receipts. Section 95 of the General Business Law has no application to a warehouseman operating a bonded warehouse, who is not obligated to deliver the goods except upon the production of a valid customs permit. (*Wells Fargo Nevada Nat. Bank* v. *Haslett Warehouse Co.*, 60 Cal. App. 225; 212 Pac. 647.) Lazansky, P. J., Rich, Young, Carswell and Scudder, JJ., concur.

HOME TITLE INSURANCE COMPANY, Respondent, v. KOHL & POPICK, INC., and Others, Defendants. NEW YORK PLUMBERS' SPECIALTIES CO., INC., Appellant.— Order denying motion to set aside sale affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

In the Matter of the Application of GEORGE DAVIES, JR., as Treasurer of the Village of Matinecock, Appellant, for an Order of Mandamus Addressed to A. BURNSIDE CHESHIRE, as Treasurer of the County of Nassau, Respondent.— Order denying motion for peremptory mandamus order reversed upon the law, with ten dollars costs and disbursements, and motion granted, with fifty dollars costs. Nassau county, outside of cities and villages, is constituted by law a separate special police district. The villages and cities excluded by the provisions of the Nassau County Police Act embrace not only the villages and cities then in being, but those coming into existence subsequently, including the village of Matinecock. This purpose of the Legislature appears by the enactment of chapter 451 of the Laws of 1925, as amended by chapter 3 of the Laws of 1926. This effect was not changed by the amendment constituting chapter 513 of the Laws of 1928, which became a law ten days prior to the incorporation of the village of Matinecock. Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ., concur.