(June 19, 1957)

■ In the Matter of the Application of HARRY LOUIS ARNOLD, for Admission to Practice as an Attorney. (From the State of Illinois.) — Application granted. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of the Application of JOHN CAREY, for Admission to Practice as an Attorney. (From the State of Pennsylvania.) — Application granted. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of the Application of SEYMOUR F. DOLGIN, for Admission to Practice as an Attorney. (From the State of Illinois.) — Application granted. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

(June 24, 1957)

■ MYRA S. BARNES, Appellant, v. CITY OF NEW YORK, Respondent.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ.

■ JAMES T. CONNOLLY, as Executor of SYLVESTER G. CONNOLLY, Deceased, Appellant, v. EUGENE CONNOLLY et al., Respondents.— Motions for leave to appeal to the Appellate Division granted. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of MERCANTILE ENTERPRISES, INC., Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.—Motion for leave to appeal to the Court of Appeals denied. Present—Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ. [See 3 A D 2d 932.]

■ NORENE MESEREAU, Appellant, v. CATHERINE BYFIELD, Respondent, and ROBERT C. WEAVER, as State Rent Administrator, Intervenor-Appellant.— Motion by the intervenor-appellant for leave to appeal to the Appellate Division granted. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ.

■ MINNIE WAGNER, as Administratrix of the Estate of HARRY WAGNER, Deceased, Respondent, v. BARRY EQUITY CORP., Appellant.—Motion for leave to appeal to the Appellate Division denied, without costs. Present—Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ.

■ ROY P. CARLSON, Appellant, v. JULIA V. CARLSON, Respondent.—In an action by a husband to annul a marriage for fraud, the appeal is from a judgment dismissing the complaint after trial. Respondent did not appear or otherwise move with respect to the complaint, did not appear on the trial, and did not appear or file a brief on this appeal. Judgment reversed on the law and the facts, without costs, and interlocutory judgment of annulment directed in favor of appellant, as prayed for in the complaint. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the proof was sufficient to establish that appellant was induced to marry respondent by reason of her false representation that she was pregnant by him (Gordon v. Gordon, 225 App. Div. 822). The testimony of appellant's friend to the effect that he heard respondent's premarital misrepresentation and also her postmarital admission of its falsity is sufficient to meet the requirement of section 1143 of the Civil Practice Act with regard to "other satisfactory evidence of the facts" in addition to respondent's admission (Caleca v. Caleca, 278 App. Div. 771; Ambler v. Ambler, 286 App. Div. 1024). Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.