In the Matter of the Application of HIRAM E. BENTLEY for an Order Rejecting, Annulling and Canceling an Alleged Copy of a Petition Filed with the Board of Elections, Rensselaer County, New York, by BERT G. SIMMONS, Town Clerk of the Town of Petersburg, Rensselaer County, New York. HIRAM E. BENTLEY, Petitioner, Appellant, v. BERT G. SIMMONS, Respondent.— Appeal from an order of the Supreme Court, entered in Rensselaer county, denying the application of appellant for an order rejecting, canceling and annulling a certified copy of a petition filed by the town clerk of the town of Petersburg with the board of elections pursuant to the Alcoholic Beverage Control Law. A petition was filed with the town clerk of said town requesting the submission at the next general election of the question as to the sale of alcoholic beverages and a purported certified copy of said petition was filed by the town clerk with the board of elections of said county in an attempted compliance with the provisions of section 141 of the Alcoholic Beverage Control Law which required the town clerk within five days from the filing of such petition in his office to file in the office of said board of elections a certified copy thereof. The appellant asserts that the town clerk failed to comply with the law in that the copy filed by him with the board of elections was not a true and correct certified copy of such petition. Section 144 of the Alcoholic Beverage Control Law provides for a proceeding to test the

validity, sufficiency and legality of any such petition " as though such petition were a certificate of nomination " under the provisions of the Election Law. Section 142 of the Election Law requires that written objection to any petition be filed with the officer or board with whom the original petition is filed within six days after the filing of the petition to which objection is made. Section 330 of the Election Law provides for the summary determination of any question of law or fact arising in such matters and limits the time within which a proceeding for judicial review must be instituted. So far as appears no such objection was filed by appellant and no proceeding was instituted by him and the time for so doing had expired before the present proceeding was commenced. The election having been held, the question here presented has become academic. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.