ERNEST A. DRAKE, Doing Business as DRAKE HEATING Co., et al., Respondents, v. PIERCE BUTLER RADIATOR CORPORATION, Appellant.—

Memorandum: The judgment should be modified by reducing the award of $11,075.75 made by the Official Referee to the sum of $5,228.89. The evidence clearly establishes that on all sales of boilers made outside of plaintiff's territory for installation therein, plaintiff's commission was limited to 70% of the discount of 20% allowed by defendant to its agents. We feel that the Referee erred in allowing commissions in excess of 70% on such sales. The over-allowance amounts to $802.86. We also reach the conclusion that the Referee erred in allowing plaintiff $4,384 for extra services performed on boiler installations allegedly due to manufacturing defects in said boilers and for allowing $660 for Clayton valve changes. The testimony supporting the claims for such services is admittedly predicated upon a conservative guess. Testimony of such a character fails to justify the allowances made. All concur. (Appeal from a judgment for plaintiff in an action under a contract of hiring.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ. [See *post*, p. 844.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES W. CRAWFORD, Appellant.— All concur. (Appeal from a judgment convicting defendant of the crimes of burglary, first degree, and assault, second degree, with intent to commit rape.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

In the Matter of the Accounting of TERESA E. LESSORD, as Executrix of BERNARD H. STEWART, Deceased, Appellant. VERONA PERRIN, as Administratrix of the Estate of MATILDA HUYCK, Deceased, Respondent.— All concur. (Appeal from a decree allowing the claim of the estate of Matilda Huyck against the estate of decedent.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [199 Misc. 1104.]

In the Matter of FLOYD LATHROP, Appellant, against LLOYD W. WHITE et al., Constituting the Board of Elections of the County of Steuben, Respondents.— Memorandum: This proceeding must be held to be brought under the provisions of subdivision 1 of section 330 of the Election Law, as made applicable by section 144 of the Alcoholic Beverage Control Law. It was not brought within fourteen days after the last date for filing the local option petition and should therefore be dismissed. (*Matter of Thompson* v. *Valentine*, 297 N. Y. 105; *Matter of Bentley* v. *Simmons*, 251 App. Div. 773.) Even though the proceeding had been brought within the time required by the statute, we agree with the Special Term that the objections raised by the petitioner are unsubstantial technicalities that ought not to deprive the electors of the town of Howard of the right to vote upon the local option question. All concur. Motion for leave to appeal to the Court of Appeals denied. (Appeal from an order denying petitioner's application and dismissing the proceeding.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.